UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Theodore Whittaker, Jr.,
    Plaintiff

vs

Hilltop Records,
    Defendant

Case No. C-1-08-555
(Barrett, J.)
(Hogan, M.J.)

### REPORT AND RECOMMENDATION

    This matter is before the Court on Defendant's Motion to Dismiss (Docs. 13). To date, Plaintiff has filed no response to Defendant's motion.

    On July 16, 2009, the Court issued an Order to Show cause directing Plaintiff to show cause why his Complaint should not be dismissed for lack of subject matter jurisdiction, personal jurisdiction and for failure to state a claim upon which relief may be granted. To date, Plaintiff has not filed a response to Defendant's motion or the Court's Order to Show Cause.[1]

    We find that dismissal is appropriate for failure to prosecute. District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). The Sixth Circuit has held that dismissal is an appropriate sanction pursuant to Rule 41 of the Federal Rules of Civil Procedure when there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980)(quoting *Silas v. Sears, Roebuck & Co., Inc.*, 586 F.2d 382, 385 (5th Cir. 1978); *see also Coleman v. American Red Cross*, 23 F.3d 1091, 1095 (6th Cir. 1994). As the court in *Carter* explained, "the key is a failure to prosecute, whether styled as a failure to appear at a pre-trial conference, failure to file a pre-trial statement, .... or failure to comply with the pre-trial order." 636 F.2d at 161(quoting *J.F. Edwards Const. Co. v. Anderson Safeway Guard Rail Corp.*, 542 F.2d 1318, 1323 (7th Cir. 1976)(per curiam)).

---

[1] Service of the Court's Show Cause Order was unsuccessful as mail addressed to Plaintiff's last known address was returned as undeliverable. (*See* Doc.21).

Plaintiff's dilatory conduct is abundantly clear from the record. Rather than respond to Defendant's motion, Plaintiff has filed three separate documents, which have been docketed as motions, but which contain no factual or legal arguments. These documents seek relief ranging from suspending "someone from the FM Radio Station 102.7 WEBN" to dispersing "money due to actual Library of Congress Sealed mail that was delivered to the Court as evidence." (*See* Docs. 14, 15, 17, 18, 19). Moreover, it appears that Plaintiff has neglected to notify the Court of a change in his address. Failure to notify the Court of any change of address could result in a plaintiff not receiving timely notice of proceedings, which could, in turn, lead to a plaintiff's failure to appear and ultimately to dismissal of his case. *See Buck v. U.S. Dep't. of Agriculture, Farmer's Home Administration*, 960 F.2d 603, 608-09 (6th Cir. 1992); *Walker v. Management Systems, Inc.*, 786 F.2d 1167, 1986 WL 16514 at * 1-2 (6th Cir. Feb. 19, 1986). It is Plaintiff's responsibility to keep the Court apprized of any change in his address. Plaintiff was ordered to show cause why his Complaint should not be dismissed by filing a response to Defendant's motion. (*See* Doc. 21). Due to his failure to notify the Court of his change in address, service of the Order to Show Cause (Doc. 21) could not be obtained. It is for these reasons that the Court finds that dismissal with prejudice is warranted.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Complaint (Doc. 3) be DISMISSED WITH PREJUDICE for failure to prosecute.

2. This case be terminated on the Court's Docket.

3. The Court certify pursuant to 28 U.S.C. § 1915(a) that an appeal from any Order adopting this Report and Recommendation would not be taken in "good faith" for purposes of granting Plaintiff leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: 8/14/09

Timothy S. Hogan
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING THE FILING
## OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten (10) days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen (13) days (excluding intervening Saturdays, Sundays, and legal holidays) in the event this Report is served by mail, and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation are based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\LES\MTNDISM\Whittaker.mtd.wpd

3

## Return Receipt 1

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Theodore Whittaker, Jr.
PO Box 6729
Florence, KY 41022

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☒ Agent ☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes ☐ No
If YES, enter delivery address below:

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label)
7002 3150 0000 8389 1306

PS Form 3811, August 2001  Domestic Return Receipt  102595-02-M-1540

## Return Receipt 2

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Hilltop Records
c/o K.L. Weaver
8000 Sunset Blvd.
Ste 302
Hollywood, CA 90028

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☒ Agent ☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes ☐ No
If YES, enter delivery address below:

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label)
7002 3150 0000 8389 1313

PS Form 3811, August 2001  Domestic Return Receipt  102595-02-M-1540

1:08cv555 (Doc. 22)